UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 11419

* * * * * * * * * * * * * * * *
                               *
JAY MARTIN,                    *
     Plaintiff,                *
                               *   MAGISTRATE JUDGE _____
v.                             *
                               *
                               *   CIVIL ACTION NO.
BOSTON MINUTEMAN               *
COUNCIL, INC.,                 *   RECEIPT # _____
     Defendant.                *   AMOUNT $ _____
                               *   SUMMONS ISSUED _____
                               *   LOCAL RULE 4.1 _____
* * * * * * * * * * * * * * * *    WAIVER FORM _____
                                   MCF ISSUED _____
                                   BY DPTY. CLK. _____
                                   DATE _____

NOTICE OF REMOVAL OF THE DEFENDANT,
BOSTON MINUTEMAN COUNCIL, INC.

Boston Minuteman Council, Inc., hereby notices the removal of the above-entitled action from the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County, to this Court. The grounds for this Notice are as follows.

(1) Petitioner is the defendant in the above-entitled action.

(2) On May 17, 2004, the above-entitled action was commenced against the defendant in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County, and is now pending therein.

(3) On or about May 27, 2004, defendant, Boston Minuteman Council, Inc., received service of the Summons and

Complaint in the above-entitled action, a copy of which is attached hereto and marked Exhibit "A".

(4) No further proceedings have been had herein in the Superior Court for Middlesex County.

(5) The plaintiff alleges that he is a natural person who resides at 1976 South Adams Street, Denver, Colorado 80210.

(7) Defendant, Boston Minuteman Council, Inc., is a Massachusetts non-profit corporation with a principal place of business at 115 Broad Street, Third Floor, Boston, Massachusetts 02110.

(8) In the plaintiff's complaint, the plaintiff alleges injuries as a result of sexual abuse that was perpetrated on the plaintiff over a five (5) year period by his Boy Scout leaders.

(9) The amount in controversy in the above-entitled action exclusive of interest and costs, but inclusive of the statutory claim for attorneys' fees and multiple damages exceeds Seventy-Five Thousand Dollars ($75,000.00).

(10) This Court has original jurisdiction of this action based on diversity of citizenship of the parties, 28 U.S.C. 1332, and the action may be removed to this Court pursuant to 28 U.S.C. 1441(a) and (b).

(11) This petition is filed with this Court pursuant to 28 U.S.C. § 1446, within 30 days after receipt by petitioner of the summons and complaint in the above-entitled action.

WHEREFORE, petitioner, Boston Minuteman Council, Inc., prays that the above-entitled action be removed from the Superior

Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County, to this Court.

Signed under the penalties of perjury this 22nd day of June, 2004.

Boston Minuteman Council, Inc.,

By its attorney,

*Michael J. Mazurczak*
Michael J. Mazurczak
BBO #555106
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA  02109-1775
(617) 523-6200

CERTIFICATE OF SERVICE

I, Michael J. Mazurczak, hereby certify that on this day, I forwarded notice of the foregoing document(s) by mailing a copy thereof, postage prepaid to the following:

John Andrews
Robert M. Strasnick
ANDREWS & UPDEGRAPH, P.C.
70 Washington Street, Suite 212
Salem, MA 01970

*Michael J. Mazurczak*
Michael J. Mazurczak

Date: 6-22-04

## I (a) PLAINTIFFS

JAY MARTIN

## DEFENDANTS

BOSTON MINUTEMAN COUNCIL, INC.

Principal office in Boston, Suffolk County, MA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Resident of Denver, Colorado

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John Andrews, BBO #554259
ANDREWS & UPDEGRAPH, P.C.
70 Washington Street, Suite 212
Salem, MA 01970, (978-740-6633)

ATTORNEYS (IF KNOWN)

Michael J. Mazurczak, BBO #555106
MELICK, PORTER & SHEA, LLP
28 State Street
Boston, MA 02109-1775
(617-523-6200)

## II. BASIS OF JURISDICTION

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION

28 U.S.C. 1332

Plaintiff alleges injuries as a result of sexual abuse that was perpetrated on the plaintiff over a five-year period by his Boy Scout leaders.

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury—Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury—Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | | | | ☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE

DOCKET NUMBER

DATE 6-22-04

SIGNATURE OF ATTORNEY OF RECORD  Michael J. Mazurczak

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __JAY MARTIN vs. BOSTON MINUTEMAN COUNCIL, INC.__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __none__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Michael J. Mazurczak, BBO #555106__
ADDRESS __MELICK, PORTER & SHEA, LLP, 28 State Street, Boston, MA   02109__
TELEPHONE NO. __617-523-6200__

(CategoryForm[1].wpd - 10/17/02)

## COMMONWEALTH OF MASSACHUSETTS
## TRIAL COURT

MIDDLESEX, ss.

SUPERIOR COURT DEPARTMENT
C.A. No. MICV2004- 02057D

JAY MARTIN, )
　　Plaintiff, )
 )
V. )
 )
BOSTON MINUTEMAN )
COUNCIL, INC., )
　　Defendant )
 )

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. This is an action for monetary damages that is predicated on repeated episodes of sexual abuse that were perpetrated on the plaintiff over a five (5) year period by his Boy Scout leaders.

### PARTIES

2. The plaintiff, Jay Martin, is a natural person who resides at 1976 South Adams Street in Denver, Colorado 80210.

3. The defendant, Boston Minuteman Council, Inc., which will hereinafter be referred to as the Boy Scouts, is a duly established Massachusetts corporation that maintains its primary headquarters at 199 State Street, Third Floor, Boston, Massachusetts 02109.

### STATEMENT OF FACTS

4. Mr. Martin was between the ages of six (6) and eleven (11) when he was repeatedly raped and sodomized by his Boy Scout leaders.

5. The people who perpetrated this abuse were Lawrence Brehaut, William Berman and Steven Perry.

1

6. Lawrence Brehaut, William Berman and Steven Perry were Boy Scout leaders at the time the abuse was committed.

7. The abuse occurred at many locations which included, but were not necessarily limited to, Mr. Brehuat's 270 Main Street, Wakefield, Massachusetts photo lab, the Boy Scouts' Headquarters in Stoneham, Massachusetts, Camp Nihan in Saugus, Massachusetts and the Boy Scouts' camp in New Hampshire.

8. No criminal charges were ever filed against Mr. Berman or Mr. Perry.

9. Criminal charges were filed against Mr. Brehaut on which he was ultimately convicted.

10. Mr. Brehaut was convicted on Middlesex County Criminal Indictment Number 85-229, which charged him with rape of a child, and he was sentenced to serve a term of not less than ten (10) years, nor more than fifteen (15) years, within the confines of the Massachusetts Correctional Institute at Cedar Junction.

11. Mr. Brehaut was also convicted on Middlesex County Criminal Indictment Number 85-226, which charged him with posing a child in a state of nudity, for which he was sentenced to serve a concurrent term of not less than ten (10) years, nor more than fifteen (15) years, within the same institution. He died in prison before completing his sentence.

12. Mr. Martin was the victim in both cases.

13. Mr. Martin underwent a significant amount of therapy recently, and can now recall the details of the harm that was inflicted upon him by the defendant's representatives.

14. Mr. Brehaut also abused dozens of other children while he was working for the Boy Scouts.

15. Mr. Martin can now remember how Mr. Brehaut raped and abused him for more than five (5) years, smeared semen over his body, dressed him up in costumes to be photographed, drugged him, force fed him alcohol, forced him to perform sexual acts on other children while Mr. Brehaut took photographs, and handcuffed and hung him from the ceiling while Mr. Brehaut simulated stabbing him with a knife while he was, in fact, jabbing him with his penis.

16. This behavior occurred at least two (2) to three (3) times per week.

17. The abuse has had a profound effect on Mr. Martin's life.

18. Mr. Martin developed learning difficulties as a child as a result of the drugs, alcohol and trauma, he began using drugs in junior high school – which is a natural consequence of being force fed drugs as a child – and his substance abuse led him to commit crimes for which he spent a period of time incarcerated.

19. Mr. Martin also suffered, and continues to suffer, from the long term effects of his victimization, and these include, but are not necessarily limited to, bouts of rage, depression, self-abuse and asocial behaviors.

20. Mr. Martin has been in counseling, and he is attempting to recover from the drug and alcohol abuse, cocaine and marijuana additions, his mental anguish and a failed marriage – all of which are causally related to the abuse he suffered in the Boy Scouts.

21. Mr. Martin has had to change his name for his protection and the protection of his family.

22. Mr. Martin caused a formal demand letter to be sent to the defendant on or about August 5, 2003 in which he identified himself by his former name.

23. The defendant acknowledged receipt of this demand letter when its Assistant Director of Insurance and Risk Management, Mark L. Dama, sent an acknowledgement letter to counsel on or about August 29, 2003.

## COUNT I
## NEGLIGENCE

24. The plaintiff repeats and realleges the allegations set forth in Paragraphs 1-23 as if they were fully set forth herein.

25. The defendant owed the plaintiff a duty of care.

26. The defendant breached that duty.

27. The defendant's breach was both the cause, and the proximate cause, of the plaintiff's damages.

28. The plaintiff suffered significant injuries as a result of the defendant's negligence.

WHEREFORE: The plaintiff demands judgment against the defendant on Count I of his Complaint in an amount to be determined at trial, together with interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

## COUNT II
## NEGLIGENT SUPERVISION

29. The plaintiff repeats and realleges the allegations set forth in Paragraphs 1-28 as if they were fully set forth herein.

30. The defendant owed the plaintiff a duty of care.

31. The defendant breached that duty by failing to properly supervise its staff members.

3

32. The defendant's breach was both the cause, and the proximate cause, of the plaintiff's damages.

33. The plaintiff suffered significant injuries as a result of the defendant's negligent supervision.

WHEREFORE: The plaintiff demands judgment against the defendant on Count II of his Complaint in an amount to be determined at trial, together with interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. The plaintiff repeats and realleges the allegations set forth in Paragraphs 1-33 as if they were fully set forth herein.

35. The defendant was negligent.

36. The plaintiff has suffered significant emotional distress.

37. The defendant's actions and nonactions caused the plaintiff's emotional distress.

38. The plaintiff has suffered physical harm that was manifested by objective symptomatology.

39. A reasonable person would have suffered emotional distress under the circumstances of this case.

WHEREFORE: The plaintiff demands judgment against the defendant on Count III of his Complaint in an amount to be determined at trial, together with interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

## COUNT IV
## ASSAULT AND BATTERY

40. The plaintiff repeats and realleges the allegations set forth in Paragraphs 1-39 as if they were fully set forth herein.

41. Lawrence Brehaut, William Berman and Steven Perry committed numerous assaults and batteries on the plaintiff.

42. Lawrence Brehaut, William Berman and Steven Perry committed these assaults and batteries on the plaintiff while they were acting as the defendant's agents.

43. The plaintiff suffered significant harm as a result of the aforementioned assaults and batteries.

4

WHEREFORE: The plaintiff demands judgment against the defendant on Count IV of his Complaint in an amount to be determined at trial, together with interest, costs, reasonable attorneys' fees and any and all other relief deemed fair and proper.

## DEMAND FOR JURY TRIAL

The plaintiff demands a trial by jury on all counts so triable.

Respectfully submitted,

Jay Martin, Plaintiff,
By his Attorneys,

Dated: 5/11/04

John Andrews – B.B.O. #554259
Robert M. Strasnick – B.B.O. #637598
Andrews & Updegraph, P.C.
70 Washington Street; Suite 212
Salem, MA 01970
(978)-740-6633

5