UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAY MARTIN,<br>    Plaintiff,<br><br>    v.<br><br>BOSTON MINUTEMAN COUNCIL,<br>INC.,<br>    Defendant. | C.A. No. 04-11419-MLW |

ORDER

WOLF, D.J.                                                    June 23, 2004

On June 22, 2004, defendant Boston Minuteman Council, Inc. ("Minuteman") filed a notice of removal in this court. The notice states, among other things, that: (1) this case was commenced in the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County; (2) plaintiff Jay Martin alleges he is a citizen of Colorado; (3) Minuteman is a Massachusetts non-profit corporation with a principal place of business at 115 Broad Street, Third Floor, Boston, Massachusetts 02110;[1] (4) the amount in controversy exceeds $75,000; (5) the court has original jurisdiction over this case under 28 U.S.C. §1332; and (6) this case may be removed to this court pursuant to 28 U.S.C. §1441(a) and (b).

Assuming that the first four statements are true, the fifth statement necessarily follows: this court does have original jurisdiction over this case under 28 U.S.C. §1332. Nevertheless,

---

[1]This makes Minuteman a citizen of Massachusetts for purposes of diversity jurisdiction. See 28 U.S.C. §1332(c)(1).

the sixth statement is incorrect: removal is not permissible, because the defendant is a citizen of Massachusetts and this case was brought in Massachusetts.  28 U.S.C. §1442(b) states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

Although the court would have had diversity jurisdiction over this case between a Colorado plaintiff and Massachusetts defendant, the Colorado plaintiff chose to bring this case in a Massachusetts state court.  Therefore, the Massachusetts defendant has no grounds to remove the case to federal court.  See, e.g., Farm Constr. Svcs., Inc. v. Fudge, 831 F.2d 18, 21-22 (1st Cir. 1987).

Accordingly, it is hereby ORDERED that this case is REMANDED to the Superior Court Department of the Trial Court of the Commonwealth of Massachusetts for Middlesex County.

                                        /s/ Mark L. Wolf
                                UNITED STATES DISTRICT JUDGE